1  **FREEMAN MATHIS & GARY, LLP**
   Sharon C. Collier (State Bar No. 203450)
2  Sharon.Collier@fmglaw.com
   Nathaniel L. Dunn (SBN 255661)
3  Nate.Dunn@fmglaw.com
   1850 Mt. Diablo Blvd, Ste. 510
4  Walnut Creek, CA 94596
   Telephone: 925.466.5904
5  Facsimile:  833.317.0293

6
   Attorneys for Defendant
7  COSTCO WHOLESALE CORPORATION

8                    **UNITED STATES DISTRICT COURT**

9          **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  MANUEL NORIS-BARRERA,                  Case No.:   3:23-cv-5245

12                                         [*Formerly San Francisco County Superior
                  Plaintiff,               Court Case No. CGC-23-605143*]
13
          v.
14                                         **NOTICE OF REMOVAL TO**
    COSTCO WHOLESALE CORPORATION, a        **FEDERAL COURT UNDER 28 U.S.C. §**
15  Washington Corporation; ADRIAN DOE, an **1441(b) [DIVERSITY] AND DEMAND**
    individual, et al.,                    **FOR JURY TRIAL**
16
                  Defendants.
17

18

19           **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20           PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION

21  (hereafter, "Costco"), by and through counsel, hereby removes the above-captioned action from

22  the Superior Court of the State of California, in and for the County of San Francisco, to the

23  United States District Court for the Northern District of California. Removal is warranted under

24  28 U.S.C. §1441(b) because this is a civil action over which this Court has subject matter

25  jurisdiction under 28 U.S.C. §1332, on the grounds that complete diversity exists between

26  Plaintiff MANUEL NORIS-BARRERA (hereinafter, "Plaintiff") and Defendant COSTCO

27  WHOLESALE CORPORATION (hereinafter, "Costco"), and the amount in controversy exceeds

28  the sum of $75,000.

1    Defendant ADRIAN DOE, who is not a real person, was fraudulently joined by Plaintiff,

2 and therefore removal is proper despite the nominal inclusion of a purportedly non-diverse

3 defendant. Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1158–59 (C.D. Cal. 2009), citing

4 Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

5                              **STATEMENT OF FACTS**

6 **A.    Procedural Background**

7    On or about March 14, 2023, Plaintiff filed a Complaint against Costco and "Adrian

8 Doe" in the Superior Court of California for the County of San Francisco entitled *Manuel Noris-*

9 *Barrera v. Costco Wholesale Corporation, et al.*, Case No. CGC-23-605143 (hereinafter, the

10 "State Court Action"). Request for Judicial Notice ["RFJN"] No. 1. The Complaint asserts

11 causes of action for negligence and premises liability based on Plaintiff's allegation that on or

12 about March 19, 2021 he slipped and fell while shopping at the Costco warehouse located at 450

13 10th Street, San Francisco, CA. See Exhibit 1 to RFJN at ¶¶ 5, 8.

14    Plaintiff served his Complaint on Costco on October 4, 2023. Declaration of Nathaniel L.

15 Dunn ["Dunn Dec."] at ¶ 3. Concurrently with his Complaint, Plaintiff served a statement of

16 damages in which he alleges damages in excess of one million dollars. Dunn Dec. at ¶ 4.

17 **B.    Defendant "Adrian Doe"**

18    No individual by the name of "Adrian Doe" worked at the subject warehouse on the date

19 of the subject accident as alleged . Dunn Dec. at ¶ 4.

20                              **STATEMENT OF JURISDICTION**

21    This action involves parties who are citizens of different states and the amount in

22 controversy exceeds $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332,

23 and Costco has the right to remove this matter to this Court pursuant to 28 U.S.C. § 1441(b).

24 **A.    Complete Diversity of Citizenship as to Plaintiff and Costco**

25    Plaintiff and Costco are citizens of different states. Thus, diversity of citizenship exists

26 between those parties.

27

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

Plaintiff states in Paragraph 1 of his Complaint that he is a resident of San Francisco County, in the State of California. See Exhibit 1 to RFJN at ¶ 1. Plaintiff is therefore a citizen of California.

Costco is a citizen of the State of Washington. Costco is a corporation formed and incorporated under the laws of the State of Washington. See generally Exhibit 2 to RFJN. Moreover, Costco is headquartered and maintains its principal place of business at 999 Lake Drive, Issaquah, Washington 98207. Id. at Pages 4-5.

**B.     The Fraudulent Joinder of "Adrian Doe" Does Not Defeat Diversity**

Removal is proper despite the presence of the purportedly non-diverse party, "Adrian Doe," as that party is a sham defendant who was fraudulently joined. See Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1158–59 (C.D. Cal. 2009), citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018), quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009). Here, actual fraud exists in the pleading of jurisdictional facts because Plaintiff alleges a non-existent individual, "Adrian Doe," is a resident of the State of California. Exhibit 1 to RFJN at ¶ 3. However, no individual by that name worked for Costco on the date of the alleged accident. (Dunn Dec. at ¶ 5.)

Even if there was an individual named "Adrian Doe" who worked for Costco at the subject warehouse on the date of Plaintiff's alleged accident, the Complaint is devoid of any factual allegations against "Adrian Doe," beyond conclusory allegations that he was responsible for the maintenance of the subject warehouse. That party was joined solely as a fraudulent attempt to defeat diversity jurisdiction.

1    **C.     Amount in Controversy**

2          The amount in controversy in this action exceeds the jurisdictional minimum of $75,000

3    set by 28 U.S.C. § 1332(a) in order to invoke diversity jurisdiction, as evidenced by Plaintiff's

4    statement of damages, which alleges damages in excess of one million dollars ($1,000,000.00).

5    (See Exhibit B to Dunn Dec.)

6                               **TIMELINESS OF REMOVAL**

7          This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) as it was filed within

8    thirty (30) days of the date Costco was served.

9                  **SHAM DEFENDANTS NOT REQUIRED TO JOIN REMOVAL**

10          "Adrian Doe" has not been served or appeared in this action and need not join in this

11    Notice of Removal. Northern Ill. Gas Co. v. Airco Industrial Gases (7th Cir. 1982) 676 F2d 270,

12    272; Destfino v. Reiswig (9th Cir. 2011) 630 F3d 952, 955 (codefendants not properly served

13    need not join).  Thus, a defendant who has been served or who has otherwise acquired notice of a

14    state court action need not seek out and notify codefendants who have not yet been served to ask

15    them to join in the removal. See Gossmeyer v. McDonald (7th Cir. 1997) 128 F3d 481, 489

16          Moreover, since the joinder of "Adrian Doe" was fraudulent, that party need not join in

17    this Notice of Removal. Joinder in the notice of removal is not required by persons named as

18    defendants solely to prevent removal. Chambers v. HSBC Bank USA, N.A. (6th Cir. 2015) 796

19    F3d 560, 564-565; Farias v. Bexar County Bd. Of Trustees for Mental Health Mental Retardation

20    Services (5th Cir. 1991) 925 F2d 866, 871.

21                                    **VENUE**

22          Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this

23    Court is the United States District Court for the district corresponding to the place where the

24    State Court Action was commenced.  Since the State Court Action was commenced in the San

25    Francisco County Superior Court, removal to the Northern District of California is appropriate.

26

27

28

Freeman Mathis
& Gary, LLP
Attorneys at Law

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C.
§ 1441(b) [DIVERSITY] AND DEMAND FOR JURY TRIAL

1

### NOTICE TO PLAINTIFF

Costco's Notice to Adverse Parties and the State Court of Removal is being contemporaneously filed and served in the State Court Action, San Francisco County Superior Court Case No. CGC-23-605143. <u>Dunn Dec.</u> at ¶ 6.

### DEMAND FOR JURY TRIAL

Costco hereby demands a jury trial of twelve jurors pursuant to Fed. Rule Civ. Proc. 48.

### PRAYER

WHEREFORE, Costco prays that the above-entitled action, currently pending in the San Francisco County Superior Court of California, be removed to the United States District Court for the Northern District of California, and that this action proceed in this Court as an action properly removed there.

Dated: October 13, 2023

**FREEMAN MATHIS & GARY, LLP**

By: _____ nld

SHARON C. COLLIER
NATHANIEL L. DUNN
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

I am employed in the County of Contra Costa, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1850 Mt. Diablo and my electronic service address is Karen.Greer@fmglaw.com

On October 13, 2023, I served the foregoing document(s) entitled:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY] AND DEMAND FOR JURY TRIAL; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF NATHANIEL L. DUNN IN SUPPORT THEREOF**

On the parties herein by the method indicated below:

Daniel Azizi, Esq.                           **Attorney for Plaintiff**
Downtown L.A. Law Group          *MANUEL NORIS-BARRERA*
601 N. Vermont Ave.
Los Angeles, CA 90004
(213) 389-3765
Daniel@downtownlalaw.com

[X] **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the documents to be sent from e-mail address karen.greer@fmglaw.com to the persons at the email addresses listed in the Service List.

[ ] **STATE.**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **FEDERAL**. I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 13, 2023, at Walnut Creek, California.

_____
Karen Greer
Karen.Greer@fmglaw.com

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C.
§ 1441(b) [DIVERSITY] AND DEMAND FOR JURY TRIAL

Freeman Mathis
& Gary, LLP
Attorneys at Law