1

2

3

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL NORIS-BARRERA, | Case No. 23-cv-05245-SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING DEFENDANT'S MOTION TO DISQUALIFY, STAYING CASE UNTIL FEBRUARY 2, 2024, CONTINUING INITIAL CASE MANAGEMENT CONFERENCE TO FEBRUARY 16, 2024 AT 2:30 PM** |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant. | |
| | **RE: DKT. NOS. 10, 13, 14** |

Plaintiff's motion to remand and defendant's motion to disqualify plaintiff's counsel are scheduled for a hearing on December 8, 2023.  Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing.  For the reasons set forth below, the Court DENIES plaintiff's motion to remand and GRANTS defendant's motion to disqualify plaintiff's counsel.   The Court STAYS this action until February 2, 2024 to allow plaintiff time to find new counsel.  By February 2, 2024, plaintiff shall inform the Court of whether he has retained new counsel or if he will be representing himself by emailing the courtroom deputy at SICRD@cand.uscourts.gov.  The Court continues the initial case management conference scheduled for February 2, 2024 to February 16, 2024 at 2:30 p.m.


**BACKGROUND**

Plaintiff Manuel Noris-Barrera brings this action after he slipped on an unknown substance

United States District Court
Northern District of California

1  while shopping on March 19, 2021, at a Costco store in San Francisco, CA.  Compl. ¶¶ 5, 8 (Dkt.

2  No. 1-2).  Plaintiff has sued Costco Wholesale Corporation, a Washington corporation, and "Adrian

3  Doe," who is alleged to be a supervisor and/or manager of the store at the time of the incident.  The

4  complaint alleges based on information and belief that Adrian Doe is a resident of San Francisco

5  County.  *Id.* ¶ 3.  The complaint alleges that Doe "was responsible for the maintenance of the store

6  at the time of Plaintiff's incident, was responsible to verify that there was a policy in place which

7  provided for the maintenance of the store according to industry standards, was responsible for the

8  training and education of store employees who were tasked with the maintenance of the store, and

9  was responsible for verifying that the store be maintained according to industry standards and

10  sufficient policies and procedures."  *Id*.  The complaint alleges two causes of action: (i) for

11  negligence, against both defendants; and (ii) for premises liability, against both defendants.  Plaintiff

12  seeks to recover lost wages, hospital and medical expenses, general damages, and damages for lost

13  earning capacity.  Compl. Prayer for Relief.  Plaintiff served a Statement of Damages on Costco

14  stating that he seeks over $1 million in damages.  Notice of Removal, Dunn Decl. Ex. B (Dkt. No.

15  1-6).

16        Plaintiff filed this action on March 14, 2023, in the San Francisco County Superior Court

17  and served defendants on October 4, 2023.  *See* Notice of Removal (Dkt. No. 1) at 2.  On October

18  13, 2023, Costco filed a Notice of Removal in this Court, alleging diversity jurisdiction under 28

19  U.S.C. § 1332 because Costco is a citizen of the State of Washington and plaintiff is a California

20  resident who seeks damages in excess of $75,000.  *Id.* Costco asserts that Adrian Doe was

21  fraudulently joined because Doe is not a real person and no person of that name worked for Costco

22  on the date of the alleged incident.  In support of the Notice of Removal, Costco filed a declaration

23  from Costco's attorney who states that he confirmed with the payroll supervisor for the San

24  Francisco Costco store that "no individual with the first name 'Adrian' worked at the San Francisco

25  Costco Warehouse on March 19, 2021."  *Id*., Dunn Decl. ¶ 5.

26

27

28  ///

2

**DISCUSSION**

**I.       Plaintiff's Motion to Remand**

Plaintiff moves to remand this action to San Francisco Superior Court.  Plaintiff  argues that "Adrian Doe" is a properly named defendant who "is believed to be a California resident," and that the allegations against Adrian Doe are based on plaintiff's recollection of the name of the person who interacted with him after he fell.  Pl's Mtn. at 2; Gazaryan Decl. ¶ 4.  In response, Costco has submitted the declaration of Shirley Cen, a Payroll Clerk at Costco's San Francisco warehouse.  She states that she reviewed Costco's electronic payroll records from March 19, 2021, and confirmed that no supervisor or manager with the first name "Adrian" worked at that location on that date.  Cen Decl. ¶ 6.  Costco argues that this Court cannot consider the alleged California citizenship of Adrian Doe because Doe is fictitious.

"The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc*., 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. § 1441(b) and 28 U.S.C. § 1447).  Following *Soliman*, district courts "have diverged on whether pleading non-diverse Doe defendants divests a court of removal jurisdiction where the plaintiff initially does not know the real identify of the defendant but has pled enough facts about them to eventually identify them." *Valdez v. Home Depot U.S.A., Inc.*, Case No. 22-cv-01491-DMR, 2022 WL 4137691, at *3-5 (N.D. Cal. Aug. 25, 2022) (discussing cases and denying motion to remand after finding court could not consider Doe defendant's citizenship "unless and until Valdez seeks leave to substitute Castillo as a named defendant").  Some courts have granted remand "where the plaintiff's descriptions of the Doe defendants 'provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship.'" *Id.* (internal citation omitted).

Here, the complaint contains conclusory allegations about "Adrian Doe," alleging only that Doe is a manager or supervisor responsible for the store and that he/she is a San Francisco resident "on information and belief."  The complaint does not contain any facts about plaintiff's interaction

United States District Court
Northern District of California

1   with Doe or any other facts to provide a reasonable indication of Doe's identity.[1]  Further, Costco

2   has provided two declarations stating that its payroll records do not show that anyone with the name

3   of "Adrian" was working at the San Francisco warehouse on the date of the incident.  On this record,

4   the Court concludes that it cannot consider the alleged citizenship of "Adrian Doe," unless and until

5   plaintiff seeks to substitute a named defendant.  Accordingly, Costco's removal of this case was

6   proper and plaintiff's motion to remand is DENIED.

7

8   **II.     Defendant's Motion to Disqualify Plaintiff's Counsel**

9          Costco moves to disqualify plaintiff's counsel, Downtown L.A. Law Group ("DTLA Law"),

10  from representing Noris-Barrera.  DTLA Law is a firm with 11 attorneys.  Costco argues

11  disqualification is required because a DTLA Law attorney, Anthony Werbin, possesses confidential

12  attorney-client information belonging to Costco that is substantially related to this case.  Costco has

13  submitted the following evidence:  (1) from 2017-2020, while Werbin was at a different firm, he

14  represented Costco in 21 slip/trip and fall cases, including through trial, billing a total of 1,195 hours

15  on Costco matters, Johnston Decl. ¶¶ 2-8; (2) in 2019, Werbin attended a conference arranged by

16  Costco for a select group of its California defense counsel, including current defense counsel, where

17  the attendees discussed California litigation and defense strategy, Collier Decl. ¶¶ 2-3; and (3) after

18  Werbin started his employment at DTLA, he represented a plaintiff against Costco, Collier Decl.,

19  Ex. J; Werbin Decl. ¶¶ 11-14.   According to Zois Johnston, Costco's Director of Claims, while he

20  served as Costco's attorney,

21         Werbin handled virtually every aspect of Costco's file, which included, but was but
22         not limited to, developing litigation strategy, communicating with Costco employees
           as well as its claims administrator Gallagher Bassett, reviewing confidential and
23         privileged documents, preparing responses to discovery, preparing witnesses to
           testify at depositions and defending numerous depositions of Costco employees, and
24         developing litigation strategy.

25  Johnston Dec. at ¶ 5-7.  Costco also cites numerous federal and state court decisions in which courts

26

27         [1] Plaintiff's counsel's declaration also does not provide any facts about plaintiff's interaction
    with "Adrian Doe."  Gazaryan Decl. ¶ 4 ("The allegations against ADRIAN DOE are based on
28  Plaintiff's recollection of the name of the person who interacted with him after the subject fall who
    Plaintiff recalls represented himself as a Supervisor/Manager/Employee of the subject warehouse.").

                                                     4

have disqualified DTLA Law from representing plaintiffs against Costco in slip/trip and fall cases based on these same facts involving Werbin.  *See* Mtn. to Disqualify at 1 n.5 & 7-9; Request for Judicial Notice Ex. 1-8.[2]

DTLA Law argues that Werbin "was never provided with any confidential or proprietary information by Costco during his employment at Manning," and that "[a]ny information that Mr. Werbin may have regarding the defense of such claims derives from his own personal knowledge and experience gained during his eight years as a licensed attorney both before and while in the employ of Manning, and not from the handling of said claims for Costco."  Opp'n at 3-4 (citing Werbin Decl. ¶¶ 9-10).  DTLA Law has submitted declarations from plaintiff's counsel of record and Werbin who both state that they have never discussed this case, that it is DTLA Law's policy that Werbin does not work on Costco cases, and that DTLA Law has implemented an ethical wall that prevents the need for the firm's disqualification.  *See generally* Gazaryan & Werbin Decls.; *see also* Rezkahllah Decl. (describing software program at firm that prevents Werbin from accessing any Costco cases).  DTLA Law also cites cases in which courts have not disqualified the firm based on Werbin's prior work for Costco.

California law governs motions to disqualify in California federal courts.  *See In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).  "Whether an attorney should be disqualified is a matter addressed to the sound discretion of the trial court."  *Henriksen v. Great American Savings & Loan*, 11 Cal. App. 4th 109, 113 (1992).

> A former client may seek to disqualify a former attorney from representing an adverse party by showing the former attorney actually possesses confidential information adverse to the former client.  However, it is well settled actual possession of confidential information need not be proved in order to disqualify the former attorney.  It is enough to show a "substantial relationship" between the former and current representation. . . . If the former client can establish the existence of a substantial relationship between representations, the courts will conclusively presume the attorney possesses confidential information adverse to the former client.

*H. F. Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal. App. 3d 1445, 1452 (1991).  "To determine whether there is a substantial relationship between successive representations, a court must first determine whether the attorney had a direct professional relationship with the former client in which

---

[2]  The Court GRANTS defendant's request for judicial notice.

the attorney personally provided legal advice and services on a legal issue that is closely related to the legal issue in the present representation." *City & Cnty. of San Francisco v. Cobra Sols., Inc*., 38 Cal. 4th 839, 847 (2006). "If the former representation involved such a direct relationship with the client, the former client need not prove that the attorney possesses actual confidential information." *Id.* "Instead, the attorney is presumed to possess confidential information if the subject of the prior representation put the attorney in a position in which confidences material to the current representation would normally have been imparted to counsel." *Id.*

The Court finds that Werbin had a direct professional relationship with Costco in which he represented Costco in slip/trip and fall cases and that the legal issues presented in those cases are closely related to the legal issues in this case. It strains credulity for DTLA Law and Werbin to assert that Werbin never received any confidential information from Costco during the time he represented the company in 21 matters, including one that proceeded to trial. The Court agrees with the reasoning of the other courts that have found that Werbin was disqualified from representing plaintiffs in slip/trip and fall cases against Costco. *See, e.g.*, *Sierra v. Costco Wholesale Corp*., 630 F. Supp. 3d 1199, 1206 (N.D. Cal. 2022) ("Here, Werbin's prior representations and the current case involve slip-and-fall cases with similar constructive notice issues. This is not a tangential issue in the case, but rather a central issue that may become dispositive. Additionally, Costco's current defense counsel and Werbin shared defense strategies and tactics for defending constructive notice claims asserted against Costco when they shared Costco as a client. Werbin's learned knowledge of Costco's internal policies, procedures, and strategies relating to constructive notice issues creates a substantial risk his representation of Plaintiff in this action would involve confidential information he previously acquired from Costco.").

"Although vicarious disqualification is the general rule and courts should presume knowledge is imputed to all members of a tainted attorney's law firm, 'in the proper circumstances, the presumption [of vicarious disqualification] is a rebuttable one, which can be refuted by evidence that ethical screening will effectively prevent the sharing of confidences in a particular case.'" *Id*. (quoting *Kirk v. First American Title Ins. Co.*, 183 Cal. App. 4th 776, 801 (2010)). The Court concludes that DTLA Law has not rebutted this presumption and that the firm should be disqualified.

The fact that Werbin litigated a case against Costco after joining DTLA Law belies representations by DTLA that an ethical screen was in place when Werbin joined the firm. *Compare* Gazaryan Decl. ¶ 8 ("It is firm policy that Mr. Werbin's team is not assigned any cases involving Costco. Since the beginning of his employment with DTLA, policies and procedures were set forth to create a 'wall' to ensure there is no sharing of confidential information."), *with* Werbin Decl. ¶ 11 ("In early 2020, shortly after my employment at Manning ended I brought a case (the 'Staats Case') against Costco to a successful resolution. The *Staats* case was brought when I was newly employed with DTLA."). DTLA Law provides no explanation for this glaring contradiction, which is particularly notable because other courts have disqualified the firm for this same reason. *See, e.g.*, Request for Judicial Notice, Ex. 7 (*Uribe v. Costco Wholesale Corp.*, Order entered 9/12/2023 (Santa Clara County Sup. Ct. Case No. 23CV413550). Further, as noted by other courts, until December 2021, DTLA Law's software program did not prevent Werbin from seeing case files involving Costco. Thus, for close to two years, DTLA Law did not take sufficient steps to effectively screen off Werbin. On this record, the Court concludes that DTLA Law should be disqualified from representing plaintiff in this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand and GRANTS defendant's motion to disqualify DTLA Law. **The Court STAYS this action until February 2, 2024 to allow plaintiff time to find new counsel. By February 2, 2024, plaintiff shall inform the Court of whether he has retained new counsel or if he will be representing himself by emailing the courtroom deputy at SICRD@cand.uscourts.gov. The Court continues the initial case management conference scheduled for February 2, 2024 to February 16, 2024 at 2:30 p.m.**

If plaintiff represents himself, the Court advises plaintiff that the Court's website includes information for self-represented litigants and a link to a copy of the district court's handbook Representing Yourself in Federal Court, which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial. *See* https://cand.uscourts.gov/pro-se-

United States District Court
Northern District of California

7

litigants/.  In addition, plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982 or emailing fedpro@sfbar.org.  At the Legal Help Center, plaintiff may speak with an attorney who may be able to provide free basic legal help but not representation.

**IT IS SO ORDERED**.

Dated: December 6, 2023

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California